IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

Rodney Ebertowski,                          )
                                            )
                 Plaintiff,                 )
v.                                          )
                                            )         Case No. 02:05-cv-39
Jo Anne Barnhart,                           )
Commissioner of Social Security             )
Administration,                             )
                                            )
                 Defendant.                 )

## REPORT AND RECOMMENDATION

Before the court are Rodney Ebertowski's (hereinafter "Ebertowski," "plaintiff," or "claimant") Motion for Summary Judgment (Doc. #7) and the Commissioner of Social Security's ("Commissioner") Motion for Summary Judgment (Doc. #10). Because there is substantial evidence in the record as a whole supporting the Commissioner's final decision, the magistrate judge recommends that defendant's Motion for Summary Judgment (Doc. #10) be **GRANTED** and plaintiff's Motion for Summary Judgment (Doc. #7) be **DENIED.**

### *Background*

Ebertowski initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision, which denied his application for disability insurance benefits ("DIB"). Ebertowski filed his application for benefits with a protective filing date of May 31, 2001. (Transcript (hereinafter "Tr.") at 59-61). In his application, Ebertowski alleges he became disabled on November 15, 1999. (Tr. at 140). At the administrative law hearing, Ebertowski amended his date of disability to November 1, 2000. (Tr. at 492).

Ebertowski was 47 years old at the time of the hearing. (Tr. at 488). He has a high

1

school education and served in the military, including an overseas deployment during the Gulf

War. (Tr. at 489-90). He was last employed in a warehouse as a forklift driver. (Tr. at 510). In

addition, he has past relevant work as a recreation activity assistant and military support service

specialist. (Tr. at 32). Ebertowski alleges he has Gulf War Syndrome and experiences symptoms

such as fatigue, generalized pain, muscle problems, neurological problems, panic disorder, sleep

disorder, and gastrointestinal problems. (Tr. at 140). In July 2002, the Veteran's Administration

determined plaintiff was 100 percent disabled due to chronic fatigue syndrome from Gulf War

service. (Tr. at 200).

Following an administrative hearing, the Administrative Law Judge (ALJ) held

Ebertowski was not disabled within the meaning of the Act. (Tr. at 16-34). The Appeals

Council denied review, and ALJ's decision became the final decision of the Commissioner. (Tr.

at 8-10). Ebertowski seeks judicial review of the Commissioner's decision in this action.

## *Discussion*

The ALJ found plaintiff has the following "severe" impairments: chronic fatigue

syndrome and/or Gulf War syndrome; however, these impairments did not meet or equal the

requirements set forth in the Listing of Impairments. (Tr. at 25). He concluded Ebertowski's

allegations regarding his pain and other symptoms are not fully credible. (Tr. at 33). The ALJ

also concluded that Ebertowski retains the RFC to perform the physical exertional requirements

for light work, with the ability to perform his past relevant work as a warehouse worker or

recreational activity assistant. (Tr. at 32-33).

Ebertowski alleges the ALJ's conclusions and findings of fact are not supported by

substantial evidence and are contrary to law and regulation because the ALJ (1) did not consider

all of the evidence when assessing credibility; (2) incorrectly interpreted the vocational expert's

opinion; (3) ignored the manifest weight of the medical evidence from treating physicians; (4) ignored his subjective complaints relating to exertional and non-exertional activities and impairments.

Before discussing each alleged error, the court notes the deferential standard of review applied to these cases. The court must affirm the Commissioner's decision if substantial evidence appearing in the record as a whole supports the decision. See id.; Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989) The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome. Sultan v. Barnhardt, 368 F. 3d 857, 863 (8th Cir. 2004). If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed. Dixon v. Barnhardt, 353 F.3d 602, 605 (8th Cir. 2003).

Ebertowski first asserts that the ALJ failed to consider all of the evidence assessing credibility. As the final error, Ebertowski alleges that the ALJ ignored claimant's subjective complaints relating to exertional and non-exertional activities and impairments. Because plaintiff's credibility and subjective complaints depend on similar facts, the court will consider these alleged errors together.

Ebertowski alleges he suffers from fatigue and pain throughout the day. (Tr. at 511-16). When evaluating a disability claim based on pain and/or fatigue, an ALJ must consider the claimant's subjective complaints under the standard set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).

In this case, the ALJ found that the level, severity, frequency, and duration of Ebertowski's subjective complaints were not consistent with the record as a whole. (Tr. at 28).

3

See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (stating ALJ may discount a claimant's subjective complaints of pain if inconsistencies are apparent in the evidence as a whole).  The ALJ concluded the record does not reveal any objective findings confirming the extent of claimant's complaints.  (Tr. at 28).   In particular, the ALJ noted that "[p]hysical examinations have shown good range of motion of the cervical and lumbar spine, no limitations in range of motion of the extremities, no neurological abnormalities, no muscle weakness, and no local areas of tenderness on palpation."  (Tr. at 28).  While the court has little doubt that plaintiff experiences symptoms from Gulf War syndrome, claimant must still show a related functional loss.  See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (stating that simply because working might cause pain or discomfort does not mandate a finding of disability).  In addition, the record shows that no doctor has placed any limitations or work restrictions on Ebertowski.  See Mittlestedt v. Apfel, 204 F.3d 847, 853 (8th Cir. 1993) (a lack of physical restrictions supports a finding of not disabled) (citing Melton v. Apfel, 181 F.3d 939, 941 (8th Cir.1999) (testimony undermined by the lack of significant restrictions placed on claimant's activities by his doctors, among other reasons)).  As the ALJ noted, physicians wrote numerous work excuses for Ebertowski, but the ALJ concluded those excuses were written based on Ebertowski's subjective complaints and were not work restrictions.  (Tr. at 30-31).  This  assessment is appropriate.

The ALJ noted that Ebertowski's daily activities include caring for his ill wife, managing the couple's financial affairs, performing the household chores, doing yard work, cooking, preparing gourmet meals, shopping, and gardening.  (Tr. at 504-05).  Claimant also goes fishing, reads, and assists his mother who has severe arthritis.  (Tr. at 29).  Although minimal activities themselves do not constitute substantial evidence that claimant can engage in substantial gainful activity, Harris v. Secretary of Dep't of Health and Human Services, 959 F.2d 723, 726 (8th Cir.

4

1992), they can be considered in assessing the credibility of the claimant's subjective complaints. Clark v. Shalala, 28 F.3d 828, 831 (8th Cir. 1994). The ALJ concluded that "these are not the daily activities of an individual debilitated by pain and fatigue as described by the claimant." (Tr. at 29). The court finds the ALJ properly assessed claimant's activities in determining his subjective complaints were not entirely credible.

The ALJ recognized that although Ebertowski suffers from anxiety and depression, the "depression and anxiety are controlled with medication and result in not more than mild restriction in of activities of daily living and mild deficiencies in concentration, persistence, or pace." (Tr. at 25). Claimant testified that his medications were changed multiple times, but he was currently taking the antidepressants Zoloft and Remeron. (Tr. at 509). When claimant complied with his medication regimen, his condition improved. (Tr. at 436, 433, 394, 391-92, 384, 387, 327).

Ebertowski previously had alcohol and drug dependency issues. The ALJ questioned claimant at the hearing about these issues. (Tr. at 495-500). Claimant testified that he had never been through a formal treatment program and stated drinking made his symptoms worse. (Tr. at 496, 499). Ebertowski also testified he used marijuana and methamphetamine in the past. (Tr. at 501). He stated he was no longer using either drug. (Tr. at 501). However, he also testified to fairly recent alcohol and marijuana use. (Tr. at 496, 501). Claimant testified he was currently taking OxyContin for pain and was exceeding the prescribed amount. (Tr. at 503-04). On the day of the hearing, Ebertowski testified he had asked his physician for an increased dosage. (Tr. at 503).

The ALJ noted that the use of opiate medications alone does not establish severe and consistent pain, and he questioned the appropriateness of prescribing narcotic pain medications

5

to an individual with a history of substance abuse. (Tr. at 28-29). The court is somewhat forced to make inferences from the ALJ's discussion of these issues, but he appears to suggest that claimant is, or could be, seeking narcotics through complaints of pain. The court recognizes that in any case in which an individual actively seeks prescription narcotic medications, the individual could be in pain and legitimately seeking the medication for relief. Alternatively, the individual could be seeking the medication for other reasons by asserting false or exaggerated levels of pain. The ALJ appears to have concluded the latter could be occurring in this case. Since both situations are plausible, the court must defer to the ALJ's evaluation of claimant's pursuit of pain medication.

Plaintiff specifically questions the finding in which the ALJ rejects third party statements regarding claimant's subjective complaints because "those statements are based on the claimant's presentation of symptoms that are not otherwise supported by the evidence as a whole." (Tr. at 33). Claimant argues, "It is unclear in reality how any third party could observe a person's symptoms except through direct observation of that person's physical presentation of such symptoms." (Plaintiff's Brief at 3). Apparently, the third-party statements to which the ALJ refers are those of family and friends who wrote letters on Ebertowski's behalf. (Tr. at 109-117). The court finds the ALJ gave appropriate weight to these statements, given the context in which they were made. See Ostronski v. Chater, 94 F.3d 413, 419 (8th Cir. 1996) (testimony of the claimant's family was not afforded great weight as they "were not qualified to render an opinion as to [the claimant's] capacity to work; their statements merely corroborated [claimant's] testimony regarding her activities; and the testimony conflicted with the medical evidence regarding [claimant's] functional capabilities.").

Thus, after considering the evidence in the record as a whole, the courts finds the ALJ

properly evaluated plaintiff's subjective complaints under <u>Polaski</u>, and his credibility

determination is supported by substantial evidence.

As the second alleged error, Ebertowski argues that the ALJ incorrectly interpreted the

vocational expert's opinion.  He asserts the VE "stated that a hypothetical claimant with

Plaintiff's Gulf War syndrome and symptoms couldn't perform any gainful activity anywhere in

the country, especially in lieu of [sic] Plaintiff's inability to work a complete eight (8) hour

workday."  (Plaintiff's Brief at 4).

David C. Perry, the vocational expert testified to the following hypothetical posed by the

ALJ:

> [ALJ]:  If we hypothetically take a man 46 to 48 years of age with education and work experience like the Claimant has, and if he's limited . . . to lifting 20 pounds occasionally and 10 pounds frequently; can only occasionally climb, stoop, kneel, crawl, balance or crouch; and let's add to that that our hypothetical person should be limited to non-complex and technical type work.  And if those were the only limitations our hypothetical person had, could he, he be expected to perform his past relevant work?
> [VE]:  Yes, Your Honor, he could perform his past relevant work as a warehouse worker and as a recreation activity assistant.
> [ALJ]:  If, in addition to those limitations, our hypothetical person would be unable to consistently keep a schedule up to seven and a half to eight hours a day for eight [sic] consecutive days, and if that were the only additional limitation, could he then competitively be a warehouse worker or recreation activities assistant?
> [VE]:  No, Your Honor.  These jobs have hours set by the employer, and if he could not be there during his scheduled work shift, he would not be able to work competitively in these jobs.
> [ALJ]:  You can't set your own hours at either of those, right?
> [VE]:  No, sir.
> [ALJ]: Okay.  With that last hypothetical question, would there be any work to which his skills might transfer that would accommodate those limitations, or would there be unskilled work in the national economy to accommodate the limitations?
> [VE]:  The jobs that would utilize his transferrable skills as well as all unskilled work would have the same problem.  They would have hours set by someone else, and if he could not be there regularly, he would not be employable.
> [ALJ]:  He might get the job, but it won't last?

7

[VE]: That's correct.

(Tr. at 520-22).

Thus, claimant's argument rests on the second portion of the ALJ's hypothetical, which assumes that the hypothetical individual cannot work full days. "A hypothetical question, however, need only include impairments that are supported by the record and which the ALJ accepts as valid." McKinney v. Apfel, 228 F.3d 860, 865 (8th Cir. 2000). Here, the ALJ concluded that Ebertowski could work full days, and the record as a whole shows substantial evidence supporting the ALJ's reliance on the first hypothetical. [1]

Finally, Ebertowski argues that the ALJ ignored the medical evidence from Ebertowski's treating physicians. In support of this argument, claimant highlights the Veterans Administration's disability determination, finding claimant was 100 percent disabled. However, this determination is not binding on the ALJ. Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994); see also 20 C.F.R. § 404.1504. Just as the VA makes determinations based on its rules, the ALJ must make a disability determination pursuant to the regulations of the Social Security Administration. Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996).

The Eighth Circuit has stated that the VA's determination is "important enough to deserve explicit attention." Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998). Thus, "findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered in the ALJ's decision." Id. (citations omitted).

---

[1] Furthermore, the burden continues to lie with the claimant if the ALJ determines that the claimant is capable of performing past relevant work. See Tucker v. Heckler, 776 F.2d 793, 795 (8th Cir. 1985); McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982). Here, the ALJ determined that Ebertowski could perform past relevant work. Thus, the burden has not shifted, and the VE's testimony was not essential to the ALJ's determination.

The ALJ's analysis in Ebertowski's case is consistent with this standard; the ALJ considered both the VA's ultimate determination and the evidence underlying such determination when he evaluated this claim in the Social Security disability context. Upon review of the evidence as a whole, the court finds no error in the ALJ's evaluation of the evidence regarding Ebertowski's ability to work, in the context of the VA's disability determination.

### *Conclusion*

The ALJ properly found that while Ebertowski does have disorders that impact his ability to work, he is not "disabled" as defined by the Social Security Act. After considering the errors alleged by Ebertowski, the court is satisfied that substantial evidence supports the ALJ's findings and conclusions.

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment (Doc.# 7) be **DENIED** and defendant's Motion for Summary Judgment (Doc. # 10) be **GRANTED.** Judgment should be entered affirming the decision of the Commissioner.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 28th day of February, 2006.

Karen K. Klein
United States Magistrate Judge